UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIMOLYN DUNBAR,<br><br>          Plaintiff,<br>v.<br><br>JOHN ANDREWS, RAYMOND LONG,<br>and SEAN RONAN,<br><br>          Defendants. | 3:08-cv-296 (CSH) |

**RULING ON MOTION FOR SANCTIONS**

HAIGHT, Senior District Judge:

Defendants move pursuant to Federal Rule of Civil Procedure 37 to sanction Plaintiff and her counsel, John Williams and Katrina Engstrom. Defendants complain of Plaintiff's failure to appear for two noticed depositions, and of Plaintiff's counsels' refusal to cooperate with defense counsel's request to withdraw the case or arrange to have it dismissed by joint stipulation after Plaintiff's counsel admitted that they had been unable to contact Plaintiff for some time and had not heard from her. The case is a civil rights action against three police officers alleging excessive force and false arrest. Defendants seek dismissal of the case with prejudice as well as monetary sanctions totaling $825.00. For the reasons stated herein, Defendants' Motion for Sanctions [Doc. 16] is **GRANTED IN PART AND DENIED IN PART**. A monetary sanction of $350.00 is imposed on Plaintiff's counsel. The case is dismissed with prejudice. The Clerk shall close the case. The Supplemental Motion for Sanctions [Doc. 18], which relates solely to the fee for the court reporter at the missed deposition, is **DENIED**.

The following facts are set forth in Defendants' motion, along with supporting exhibits, and are not disputed by Plaintiff's counsel in the opposition brief. Plaintiff's deposition was

noticed for April 21, 2009. On April 20, 2009, defense counsel confirmed the deposition with Plaintiff's counsel. Plaintiff failed to appear for the deposition. Plaintiff's counsel indicated that while they had sent letters regarding the deposition to Plaintiff's last known address, Plaintiff's phone number was no longer in service and Plaintiff's counsel had not been able to reach Plaintiff regarding the deposition.

A second deposition of Plaintiff was noticed for June 22, 2009. On June 5 and again on June 9, Plaintiff's counsel indicated that they did not expect to be able to contact Plaintiff regarding the deposition, and could not represent that Plaintiff would be present for it. A few days before the deposition, Plaintiff's counsel reiterated this message. Therefore, defense counsel cancelled the June 22, 2009 deposition.

At that time, Plaintiff's counsel told defense counsel to file a motion to dismiss the case because Plaintiff could not be contacted. On July 6, 2009, defense counsel sent a letter to Plaintiff's counsel, stating in relevant part:

> It is my position that the onus is on your office at this point to withdraw this matter with prejudice. I should not have to incur the time and expense of researching and preparing a motion and the necessary exhibits showing my efforts to secure Ms. Dunbar's deposition. You have expressly acknowledged that your client is not fulfilling her responsibilities as a litigant and that the case should therefore be terminated. I would therefore request that you take the necessary steps to do that, either by a withdrawl of the action or a joint stipulation of dismissal.

(Def.'s Ex. H.) Defense counsel indicated in the letter that if she did not receive a response by July 15, 2009, she would file the instant motion for sanctions, which she did on July 20, 2009.

Federal Rule of Civil Procedure 37(d)(1)(A)(i) permits the imposition of sanctions for a party's failure to attend it own deposition. According to Rule 37(d)(3), sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i-iv). Rule 37(b)(2)(A)(v) permits "dismissing the

action or proceeding in whole or in part" as one such sanction. The opposition brief filed by Plaintiff's counsel essentially concedes that the case should be dismissed. [See Doc. 17 at 1 ("If the plaintiff's apparent refusal to cooperate in the prosecution of her claim warrants imposition of a sanction upon her, so be it.")] Because Plaintiff repeatedly failed to appear for noticed depositions, sanctions are appropriately imposed upon her. Furthermore, Plaintiff's whereabouts are unknown and the case cannot proceed without her. Therefore, the case is hereby dismissed with prejudice as a sanction for Plaintiff's discovery non-compliance and for her failure to prosecute the case.

   Rule 37(d)(3) further provides:

> Instead of or in addition to these sanctions, the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. (Emphasis added.)

Defendants seek sanctions of $825.00, representing four hours of defense counsel's time at $175.00 per hour[1], plus the $125.00 court reporter fee for the April 21, 2009 deposition at which Plaintiff failed to appear. Defense counsel spent two hours attending the April 21, 2009 deposition which Plaintiff failed to attend, and spent another two hours drafting the instant motion for sanctions. In response, Plaintiff's counsel argues that attorneys are not "sureties of their clients' good behavior" [Doc. 19 at 1], characterizing the motion for sanctions as "frivolous" [Doc. 19 at 2] and "outrageous and a good illustration of the decline of civility among the members of the bar." [Doc. 17 at 1]

---

[1] Defendants have attached the affidavit of Mark Anastasi, City Attorney for the City of Bridgeport, attesting to the fact that the typical hourly rate for an attorney billing the City of Bridgeport on police civil rights cases is $175.00. (Def.'s Ex. I)

To the contrary, when Plaintiff's counsel no longer knew the whereabouts of Plaintiff and were unable to contact her, civility among the members of the bar, as well as professional responsibility, required that Plaintiff's counsel take some action. If Plaintiff's counsel were unable to locate Plaintiff over a period of several months, then Plaintiff's counsel in effect no longer had a client on whose behalf they could continue to pursue this case, and should have moved to withdraw their appearances on her behalf. Their failure to so move presumably indicates that they still considered the representation extant, in which case Plaintiff's counsel should have cooperated with defense counsel's explicit request to withdraw the case or arrange to have it dismissed by joint stipulation on the basis of Plaintiff's repeated failure to appear at noticed depositions.

It was not appropriate for Plaintiff's counsel to do nothing and thereby require Defendants to incur the time and expense of continuing to attempt to defend a case which Plaintiff had essentially abandoned. Contrary to the assertions of Plaintiff's counsel, the Court is not punishing Plaintiff's counsel for Plaintiff's behavior, but rather for their own failure to act when they should have. Therefore, the Court imposes on Plaintiff's counsel a monetary sanction of $350.00, representing reasonable attorney's fees for the two hours that defense counsel spent drafting the instant motion for sanctions and dismissal.

The request for sanctions related to Plaintiff's failure to attend the first noticed deposition on April 21, 2009, including for two hours of defense counsel's time in attending that deposition as well as the court reporter's fee, is denied. While defense counsel states, and Plaintiff's counsel does not deny, that Plaintiff's counsel "confirmed" the deposition, the record does not reflect what was said that constituted a confirmation. Absent evidence to the contrary, the Court

will not assume that Plaintiff's counsel promised that Plaintiff would attend, rather than merely confirming that the deposition was on their calendar.  On the basis of the record before it, the Court declines to impose monetary sanctions related to the deposition on Plaintiff's counsel.  Given that Plaintiff has already been adequately sanctioned, through dismissal of the case, for her failure to appear at the depositions, the Court declines to impose monetary sanctions on her.

For the reasons stated herein, Defendants' Motion for Sanctions [Doc. 16] is **GRANTED IN PART AND DENIED IN PART**.  A monetary sanction of $350.00 is imposed on Plaintiff's counsel.  The case is dismissed with prejudice.  The Clerk shall close the case.  The Supplemental Motion for Sanctions [Doc. 18], which relates solely to the fee for the court reporter at the missed deposition, is **DENIED**.

It is SO ORDERED.

Dated: New Haven, Connecticut

November 16, 2009

            *Charles S. Haight, Jr.*
            Charles S. Haight, Jr.
            Senior United States District Judge